THORVALD SVENDSEN v. VILLAGE OF ALDEN.[1]

May 31, 1907.

Nos. 14,960—(3).

**Unsafe Street—Negligence—Hot Water.**

 The plaintiff's daughter, three and one half years old, fell into a pool of hot water, collected in a sag hole in a street of the defendant village adjacent to the sidewalk, by a drain which was connected with the steam-heating plant of the defendant school district and had its outlet in the street. This is an action to recover damages for her injuries. *Held*, that the evidence was sufficient to sustain a finding by the jury to the effect that the defendant was guilty of negligence in not keeping the street in a safe condition, and that the trial court did not err in submitting the case to the jury, nor in refusing to give certain requested instructions as to the defendant's duty of inspection and its right to assume that the person in charge of the heating plant would not be negligent.

Action in the district court for Freeborn county to recover $3,000 for personal injuries to plaintiff's minor child. The case was tried before Kingsley, J., who at the conclusion of plaintiff's testimony dismissed the action as to all defendants except the village of Alden. Against the village of Alden the jury rendered a verdict for $600. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant village appealed. Affirmed.

 *Perl C. Cornish* and *H. C. Carlson,* for appellant.
 *Lovely & Dunn,* for respondent.

START, C. J.

 On December 26, 1905, the plaintiff's daughter, a child three and one half years old, while walking with her sister, two years older, along the sidewalk on a public street of the defendant village, fell into a pool of hot water in the street at the side and under the walk, whereby she was seriously injured. This action was brought for the benefit of the child to recover damages for the injuries so sustained, on the ground that they were caused by the negligence of the de-

[1] Reported in 112 N. W. 10.

fendants. At the close of the plaintiff's case the action was dismissed by the trial court as to the defendant school district and its officers. The cause was submitted to the jury on the issues between the plaintiff and defendant village, and a verdict returned in favor of the plaintiff and against the defendant for the sum of $600. The defendant appealed from an order denying its motion for judgment or for a new trial.

The important question raised by the assignments of error is whether or not the evidence is sufficient to sustain a finding by the jury to the effect that the defendant village was guilty of negligence in the care of the street which was the proximate cause of the injury of the child. The evidence is practically undisputed that Independent School District No. 93 is a school district which includes within its boundaries the defendant village, but the village has no control of the affairs of the school district; that the school district in the year 1904 erected an addition to its school building fronting on one of the principal streets of the village, known as "Broadway," and placed in the basement thereof a steam boiler and heating plant; that for the purpose of draining the basement the village council, on the application of the school district, granted to it permission to construct an underground tile drain from such basement to and along the street, in front of it, and the drain was so constructed along the street for some fifty feet to its outlet in an open ditch, but within a week afterwards it was extended along the street underground for fifty feet further to a new surface outlet under and adjoining the sidewalk in a sag or hole which was some fifteen feet long, four or five feet wide, and five or six inches deep; that the school district caused the discharge pipe of its steam boiler to be connected with the drain with the knowledge of the village, through a member of its council; that on the afternoon of December 26, 1905, the janitor in charge of the steam boiler discharged the hot water therein into the drain and the water was thereby collected in the sag hole, the outlet of the drain; and, further, that the steam therefrom enveloped the sidewalk at this point where the children of the plaintiff were then passing, and the youngest one, in trying to escape from the steam, became confused, fell into the hot water, and was seriously scalded on her head, arm, leg, and body.

There was also evidence tending to show that on different occasions before the accident hot water had been sent through the drain from the steam boiler—that is, three witnesses severally testified to the effect that they saw steam coming through the cracks in the sidewalk at the first outlet of the drain, each witness testifying to a different occasion, and, further, that the janitor in charge of the heating plant was a licensed engineer, and that from an engineering standpoint the water in the boiler should have been cooled before drawing it off, and that it was improper to discharge the water when it was hot from the boiler.

It is urged by counsel, in support of their claim that the defendant village upon the undisputed evidence is entitled to judgment absolute in its favor notwithstanding the verdict, that the village officers had a right to rely upon the presumption that the janitor in charge of the heating plant would exercise due care in the use of the drain and would not negligently cause a nuisance on the street; that his negligence was the sole proximate cause of the child's injury; and, further, that there was no evidence tending to show that the village had any notice that the drain would be or had been used for the purpose of discharging hot water from the boiler through the drain. It is true that negligence of a person or party will not be presumed, in the absence of evidence tending to establish it; hence the mere fact that the janitor negligently turned hot water into the drain, which resulted in the injury complained of, would not be sufficient to support a verdict for the plaintiff. The village, however, was charged with the duty of exercising ordinary care to keep its streets in a reasonably safe condition for persons making lawful use thereof, and, having licensed the construction of the drain in one of its most important streets, it was bound to exercise ordinary care, not only as to the construction of the drain, but also as to its use within the street. Upon a consideration of the whole evidence we are of the opinion that the defendant was not entitled to a directed verdict in its favor as a matter of law.

It was a question for the jury to determine whether, under all the circumstances disclosed by the evidence, ordinary care was exercised in the premises by the village authorities, some of whom knew that at the head of the drain was a steam boiler and at its outlet was an

open sag hole, under and adjacent to the sidewalk of the street, in which either cold or hot water might be accumulated, whereby a nuisance would be created in the street.

The defendant also urges that in any event its motion for a new trial should have been granted for errors in the instructions of the trial court to the jury and for its refusal to give certain requested instructions. It is claimed in this connection that the court erred in submitting to the jury the question whether the village had notice that the drain had in fact been used on different occasions for the purpose of draining hot water from the boiler, or whether the village had notice that the drain was either intended to be used, or might be used, in the ordinary operation of the steam plant, for such purpose, and in instructing the jury that, if the village had such notice, it would be its duty to prevent such use. The objection made to such instructions is that there was no evidence which would justify the jury in finding that the village had any notice, actual or constructive, that the drain would or might be used for the purpose of drawing the hot water from the boiler, or that it was ever intended for such purpose. There was evidence tending to show that the village either knew, or might have known by the exercise of ordinary care in looking after the safety of its streets, that the drain, in the manner it was constructed and used, was liable to become a nuisance in the street. It is true that there was no evidence to justify a finding that the drain, when constructed, was intended for the discharge of hot water from the boiler; but, when the entire charge of the court upon the subject of notice to the village is considered as a whole, it is clear that it was free from reversible error, and as favorable to the defendant as it was entitled to.

The defendant requested the trial court to instruct the jury that it would not be the duty of the village officers to make an inspection of private property or of "the method of use of the drain," unless they had knowledge, actual or constructive, of some circumstance or condition or fact that would move a man of ordinary prudence to make an inspection under similar circumstances. This was refused. If the instruction had been limited to the private property of the school district, the request would have been abstractly correct; but the instruction is by its terms applicable either to private property or to the

method of using the drain. The duties of inspection as to private property and as to the method of using a drain within the limits of a public street are not the same. It was a question for the jury whether the duty of exercising ordinary care for the safety of the street by the proper municipal authorities required any inspection of the method of using so much of the drain as was a part of the street. The instruction was therefore misleading, and it was properly refused.

The defendant also requested the court to give this instruction:

> The village authorities had a right to assume that the janitor or person in charge of the boiler and heating plant in question would properly operate the same, and in discharging, flushing, or washing out the boiler would perform the act in such a manner as not to create a dangerous nuisance in the streets, until they had notice of the fact that it was customarily and usually done in a different manner.

This was properly refused. While it is a general rule that negligence cannot be predicated upon the assumption that others upon whom duties are imposed will not exercise due care, yet the court could not, as a matter of law or justice, say to the jury that the village authorities might assume that the janitor would not operate the boiler so as to create a nuisance in the street until "they had notice of the fact that it was customarily and usually done in a different manner"; that is, until they had notice of the fact that the negligence of the janitor had been so often repeated as to become his custom or habit.

We find no errors in the record which would justify a reversal of the decision of the trial court.

Order affirmed.